UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE JAMES DAYMON, et al.

      Plaintiffs,

v.                                                    CASE NO. 3:25-cv-524-TJC-SJH

PUTNAM COUNTY SHERIFF, et al.,

      Defendants.
_____/

## ORDER

Willie James Daymon, Lillie M. Brown Wright, Yelverton's Inc., and Anle Skantle ("Plaintiffs") are suing in a Complaint for a Civil Case ("Complaint") Doc. 1.[1]

Upon review, there are certain fundamental deficiencies.[2] Preliminarily, Plaintiffs have neither paid the applicable filing fee nor moved to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915. Thus, the Court will direct them to do so. Plaintiffs should note, however, that "only a natural person may qualify for treatment *in forma pauperis* under § 1915." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993); *see also Alex Garcia Enters. v. The Orlando Sentinel*, No. 6:14-cv-529-Orl-37KRS, 2014 WL 12872609, at *1 (M.D. Fla. April 17, 2014), *report*

---

[1] Though all Plaintiffs are listed in the case style, not all are included in the later portions of the Complaint. Similarly, the Defendants listed in the case style do not precisely match those in the later portions of the Complaint. The amended pleading required herein should list in the case style only the intended parties, which should match the later portions of the Complaint.

[2] This Order does not purport to address all deficiencies in the Complaint. Without limitation, in addition to the issues addressed herein, the undersigned has concerns as to whether any viable claims over which this Court has subject matter jurisdiction have been properly alleged.

*and recommendation adopted*, 2014 WL 12872611 (M.D. Fla. July 16, 2014); *R&R Bond Galleries, Inc. v. Ziegenfuss*, No. 8:12-cv-2825-T-23MAP, 2013 WL 12385346, at *1 (M.D. Fla. Jan. 16, 2013), *report and recommendation adopted*, 2013 WL 12385347 (M.D. Fla. Jan. 18, 2013). And though "only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed IFP, each plaintiff must qualify for IFP status." *Yancey v. Wilmington Tr. Bank*, No. 1:15-cv-4441-UNA, 2015 WL 13779040, at *1, n.1 (N.D. Ga. Dec. 22, 2015) (collecting cases); *see also ERA Venture Cap., Inc. v. Lokke*, No. 18-cv-1969 (ADM/BRT), 2019 WL 8759422, at *1 (D. Minn. Apr. 30, 2019). As at least one Plaintiff is not proceeding as a natural person, it appears Plaintiffs must pay the filing fee and will not qualify to proceed IFP. However, any such determination can be deferred until a motion to proceed IFP is filed, along with a proper amended pleading (as discussed below) in which the parties are clarified (*see supra* note 1).

In addition, Plaintiffs will need to file an amended pleading. Parties, other than natural persons, may appear in this Court only through licensed counsel. *See* Local Rule 2.02(b)(2); *see also Rowland*, 506 U.S. at 202; *Alex Garcia Enterprises,* 2014 WL 12872609, at *1; *Ziegenfuss*, 2013 WL 12385346, at *1. As discussed, one or more Plaintiffs are not natural persons proceeding as such and therefore may not proceed *pro se*. However, no attorney has appeared on behalf of Plaintiffs, and the Complaint is instead signed by two non-parties and non-attorneys: Shirley Rogers and Julie Bay Brown Wright. Doc. 1 at 5.[3]

---

[3] Though unclear, Ms. Wright appears to be the mother of one or more Plaintiffs. *Id.*

Moreover, even to the extent one or more Plaintiffs are natural persons who could otherwise proceed *pro se*, no Plaintiff has signed the Complaint. Every pleading, written motion, or other paper filed in this Court must be signed by each party personally if such party is not represented by counsel. *See* Fed. R. Civ. P. 11(a). Ms. Rogers and Ms. Brown may not represent or sign pleadings on behalf of Plaintiffs, nor may any individual Plaintiff sign on behalf of others. *See Gierbolini o/b/o A.M.G. v. Kijakazi*, No. 8:20-cv-1797-SDM-AEP, 2022 WL 596835, at *1 (M.D. Fla. Feb. 28, 2022); *Ruiz v. EL Meson Latin Cuisine, Inc.*, No. 2:19-cv-805-FtM-38MRM, 2019 WL 13192468, at *1 (M.D. Fla. Nov. 20, 2019); *see also Rowland*, 506 U.S. at 202-03; *Alex Garcia Enters,,* 2014 WL 12872609, at *1; *Ziegenfuss*, 2013 WL 12385346, at *1.[4]

Thus, on this record, Plaintiffs may not proceed on this Complaint. Nevertheless, the Court will provide an opportunity to cure the deficiencies described above, if possible, and to file an amended pleading and to pay the filing fee or, if appropriate, move to proceed IFP. Any amended complaint must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing the pleader is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Thus, all facts relied on to support the claim(s) should be stated in sequentially numbered

---

[4] Thus, a parent may not represent a minor child. *See Warner v. School Board of Hillsborough County, Fla.*, No. 23-12408, 2024 WL 2053698, at *1-3 (11th Cir. 2024).

paragraphs. Where necessary for clarity, discrete claims should be separated into different counts. Although a pleading need not set forth detailed factual allegations, it must provide more than mere labels and conclusions, and the factual allegations must be enough to state a plausible claim for relief.[5] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Any amended complaint will supersede the original Complaint and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, any amended complaint must be complete and must include all claims pursued, as well as all facts in support and relief sought, in a single submission.

Accordingly, it is **ORDERED** that Plaintiff(s) shall have until **June 26, 2025**, to, in compliance with this Order and all applicable rules and law: (i) file an amended complaint; and (ii) pay the applicable filing fee or move to proceed IFP. Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, on June 5, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiffs

---

[5] This Complaint does not comply with these pleading requirements, which further necessitates an amended pleading.